# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-57-FDW

| | |
|---|---|
| ERIC MORALES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)     **ORDER**<br>)<br>HOWARD REVIS, )<br>)<br>Defendant. )<br>_____ ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On March 19, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution. Plaintiff filed this action on March 16, 2015, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Howard Revis, identified as a supervisor at Marion. Plaintiff alleges in the Complaint that Defendant Revis violated Plaintiff's Eighth Amendment rights by failing to protect him from a known threat from another inmate and by "discriminating" against Plaintiff, presumably based on Plaintiff's race, by refusing to allow Plaintiff to return to his work position after fighting with the other inmate. Specifically, Plaintiff alleges that on January 24, 2013, another inmate John Stone approach Plaintiff and tried to start a fight about work-related

issues. (Doc. No. 1 at 3). Plaintiff and inmate Stone both worked in the "sewing plant" in the prison. See (Id. at 5). Plaintiff was at his work station when Stone approached him. Plaintiff alleges that he ignored Stone, and Stone left. (Id. at 3). Plaintiff alleges that Stone returned, however, and again tried to initiate a fight with Plaintiff, threatening Plaintiff several times with bodily harm. (Id.). Defendant Revis "then advised Plaintiff Morales to ignore inmate Stone and to keep working, despite the threats." (Id. at 4). Defendant Revis witnessed Stone's provocation and threats made towards Plaintiff. (Id.). Plaintiff alleges that inmate Stone then attacked Plaintiff from behind and assaulted him. (Id.). After the assault occurred, both Plaintiff and Stone were brought up on disciplinary charges for fighting, and both were fired from their job assignments. (Id. at 4-5). Plaintiff alleges that Revis refused to allow Plaintiff back into the sewing plant, but he allowed Stone to begin working again in the sewing plant. (Id.).

Plaintiff alleges that Defendant Revis violated Plaintiff's Eighth Amendment rights by "fail[ing] to protect Plaintiff Morales when threats from inmate Stone of bodily harm were made in the presence of Revis. Revis knew of a risk that Stone made with the threats, but Revis failed to reasonably respond to the apparent risk." (Id. at 6). Plaintiff also alleges that his "right to be free from discrimination" was violated when Defendant Revis refused to allow Plaintiff back into the sewing plant, but allowed inmate Stone to return to work there. (Id.). Plaintiff identifies himself as a Hispanic American, and he alleges that "[u]pon information and belief [Defendant Revis] is racist and inmate Stone wears several white supremacy tattoos which represent a mutual understanding between Revis and Stone. . . . Revis discriminated against Morales when he refused to allow Morales to return to work after he witnessed Morales get attacked from behind, but yet rehired Stone instead." (Id.). Among other relief, Plaintiff seeks compensatory damages and

2

restoration of his job.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint. Accordingly, Plaintiff must abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy

4

procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff asserts that he exhausted his administrative remedies before bringing this action, but he has not attached his grievance form to the pleadings. He has only attached the prison's Step Three denial of Plaintiff's grievance. The denial at Step Three does not mention that Plaintiff brought a grievance based on Defendant Revis's failure to protect Plaintiff from an assault by inmate Stone.[1] Rather, the Step Three decision, dated August 13, 2013, merely states that Plaintiff "filed this grievance on June 18, 2013," and that Plaintiff "complained that he was not rehired in the Enterprise area." (Doc. No. 1-2 at 1). The Step Three decision concluded that after an investigation into Plaintiff's grievance "[s]taff concluded that the inmate has not been treated unfair or outside the scope of correctional policies and procedures" and the grievance was "dismissed for lack of supporting evidence." The Court cannot determine whether Plaintiff exhausted his administrative remedies as to his failure to protect claim against Defendant Revis, as the Step Three response refers only to Plaintiff's grievance related to Revis's refusal to let Plaintiff return to work in the sewing plant. The Court will give Plaintiff 20 days in which to submit copies of Grievance No. 3730H134092, as well as the prison's response at Step Two. The grievance must be legible so that this Court can determine whether Plaintiff filed a grievance complaining that Defendant Revis failed to protect

---

[1] Plaintiff filed this same action against Defendant Revis on January 16, 2014, but the action was dismissed for failure to exhaust administrative remedies because Plaintiff did not attach documents showing that he submitted his grievance through all three steps of the grievance process. See Morales v. Revis, 1:14cv17 (W.D.N.C.), Doc. No. 5. Moreover, the grievance that Plaintiff submitted was illegible; thus, the Court cannot determine from examining the grievance filed in the earlier action whether Plaintiff's grievance raised the issue of failure to protect against Revis.

Plaintiff from an attack by inmate Stone.  If Plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice to Plaintiff.

   IV.   CONCLUSION

   **IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have 20 days from service of this Order in which to submit copies of his grievance related to this claims here, as well as the prison's response at Step Two.  The grievance must be legible so that this Court can determine whether Plaintiff filed a grievance complaining that Defendant Revis failed to protect Plaintiff from an attack by inmate Stone.  If Plaintiff fails to comply with this order, this action may be dismissed without prejudice and without further notice to Plaintiff.

Frank D. Whitney
Chief United States District Judge