**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:15-cv-57-FDW**

| | |
|---|---|
| **ERIC MORALES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **HOWARD REVIS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court following the receipt of an unexecuted summons as to the sole Defendant in this action, Howard Revis.

Pro se Plaintiff Eric Morales, a North Carolina inmate currently incarcerated at Alexander Correctional Institution, filed this action on March 16, 2015, pursuant to 42 U.S.C. § 1983, alleging, among other things, that Defendant Revis violated his Eighth Amendment rights when he failed to protect Plaintiff from an attack by another inmate while Plaintiff was incarcerated at Marion Correctional Institution. On November 3, 2015, this Court received an unexecuted summons as to Defendant Revis. (Doc. No. 9). The unexecuted summons, which the U.S. Marshal attempted to serve on Defendant Revis, states that Revis died on April 13, 2015. Defendant Revis' obituary was attached to the unexecuted summons. On November 4, 2015, this Court mailed to Plaintiff a copy of the summons that was returned as unexecuted and the attached obituary indicating Revis' death.

Pursuant to Rule 25(a)(1):

1

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). "Rule 25(a)(1) is merely a formula used to facilitate the closing of a decedent's estate within a reasonable time." In re Baycol Prods. Litig., 616 F.3d 778, 785 (8th Cir. 2010). It applies to claims pending at the time of the decedent's death, even if the complaint was not yet served. See WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1951 (3d ed. 2007) ("If an action was commenced by the filing of a complaint but a party named in the complaint dies ... before being served with process, substitution [under Rule 25(a)] is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction."). Here, Defendant Revis' obituary indicates that he died on April 13, 2015, before he was served with the Complaint. Plaintiff has not served Revis' representative or successor-in-interest or moved the Court for substitution within 90 days of service to Plaintiff notifying him of Revis' death. Rule 25(a) provides that in such an instance, the claims against the decedent "must be dismissed." Thus, this action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed.
2. The Clerk is directed to terminate this action.

_[signature]_
Frank D. Whitney
Chief United States District Judge